

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. K. McClain
Criminal District Attorney
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-2299
Re: Assessment of taxes in rural
high school district.

In your letter of April 26, 1940, you state that in your county some three or four common school districts have combined to form a rural high school district, and request our opinion in response to the following questions:

"1. Can the Board of a Rural High School District as mentioned in Article 2922(L), Vernon's Annotated Statutes accept the assessment made by the County Tax Assessor?

"If the above question is answered in the affirmative, then answer this question:

"2. What is the proper procedure for the property owners in the Common School Districts to have their taxes equalized and before what Equalization Board should this be done?

"3. Is it mandatory that the Board of Trustees of a Rural High School District as provided for in Article 2922(L) of Vernon's Annotated Statutes appoint a Board of Equalization for the purpose of equalizing taxes in said District; or, is this procedure optional with the School Board where they prefer to accept the assessment made by the County Tax Assessor?"

Article 2922b, Revised Civil Statutes, provides that "rural high school districts as provided for in the preceding

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

article shall be classed as common school districts."

Article 2795, Civil Statutes, reads:

"The commissioners court, at the time of levying taxes for county purposes, shall also levy upon all taxable property within any common school district the rate of tax so voted if a specific rate has been voted; otherwise said court shall levy such a rate within the limit so voted as has been determined by the board of trustees of said district and the county superintendent and certified to said court by the county superintendent. If such tax has been voted after the levy of county taxes, it shall be levied at any meeting of said court prior to the delivery of the assessment rolls by the assessor. The tax assessor shall assess said tax as other taxes are assessed and make an abstract showing the amount of special taxes assessed against each school district in his county and furnish the same to the county superintendent on or before the first day of September of the year for which such taxes are assessed. The taxes levied upon the real property in said districts shall be a lien thereon and the same shall be sold for unpaid taxes in the manner and at the time of sales for State and county taxes. The tax collector shall collect said taxes as other taxes are collected. The tax assessor shall receive a commission of one-half of one per cent. for assessing such tax and the tax collector a commission of one-half of one per cent. for collecting the same. The tax collector shall pay all such taxes to the county treasurer, and said treasurer shall credit each school district with the amount belonging to it, and pay out the same in accordance with law."

Article 2922 L, Vernon's Civil Statutes, provides in part:

"... The board of trustees of any rural high school district may appoint an assessor of taxes who shall assess the taxable property within the limits of said district within the time provided by existing laws, and said assessment shall be equalized by the board of equalization composed of three (3) members appointed by the board of trustees of said district. The said board of equalization shall be composed of legally qualified voters residing in said district, and shall have the same

power and authority, and be subject to the same
restrictions that now govern such boards in indepen-
dent school districts. The tax assessor herein
provided for shall receive such compensation for
his services as the trustees of said district may
allow, not to exceed two (2) per cent of taxes
assessed by him. The county tax collector shall
collect such tax and shall receive one-half of
one per cent for his services for collecting such
tax. Such tax when collected shall be deposited
in the county depository to the credit of such
rural high school district. The tax assessor
herein provided for shall make a complete list of
all assessments made by him, and when approved by
the board of trustees shall be submitted to the
county tax collector not later than September 1st
of each year."

Without the special provisions contained in Article
2922 L authorizing rural high school districts to appoint their
own assessors (and boards of equalization), such districts being
classed as common school districts by Article 2922b would be
governed by the laws relating to such common school districts.
We do not believe that Article 2922 L was meant to make it
mandatory upon rural high school districts to appoint their
own assessors and to prevent their using the assessments
made by the county tax assessor. Rather we believe that it
was intended to give such districts a choice in the matter,
similar to the choice given the boards of trustees of indepen-
dent school districts with reference to tax assessors and
collectors. We answer your first question affirmatively.

However, if the board of trustees of such a district
elects to appoint its own assessor it is quite clear from the
statute that the board must also appoint a board of equalization
of the number of men and possessing the qualifications therein
set out. Where the board of trustees has its own assessor,
the statute requires that assessments shall be equalized by
the district's board of equalization thus appointed.

The work of the various commissioners' courts sitting
as boards of equalization under Article 7206, Revised Civil
Statutes, is accepted by common school districts, the valuations
arrived at being the same for common school district purposes
as for State and county. Common school districts have no other
boards of equalization. Such we think is contemplated by
Article 2795 and is the common and accepted practice.

Hon. W. K. McClain, Page 4


Hence, if the board of trustees of the rural high
school district in question desires, it may have the taxes
of the district assessed by the county tax assessor. But,
in such event, under Article 2922b, the district must accept
the valuations arrived at by the commissioners' court sitting
as a board of equalization. The language of Article 2922L
does not warrant the appointment of the special board of
equalization, in our opinion, except to equalize assessments
made by an assessor for the district appointed by the board
under authority of said Article 2922L.

We believe the above sufficiently answers your
questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:PBP


APPROVED MAY 24, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN
